IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| TITAN WHEEL CORPORATION, an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11-cv-3317 ) |
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation ON Defendant U.S. Equal Employment Opportunity Commission's (EEOC) Motion to Dismiss (d/e 3). For the reasons set forth below, the Court recommends that the Motion should be ALLOWED.

### STATEMENT OF FACTS

On July 13, 2007, a former employee of Plaintiff Titan Wheel Corporation of Illinois (Titan) named Tracey Shuman filed a Charge of Discrimination (Charge) against Titan with the Defendant EEOC. Shuman alleged the following in her Charge:

> I was hired by the above named Respondent on January 31, 2005. My most recent position was Laborer-Class I. I was

> subjected to sexual harassment during my employment. I was constructively discharged on July 10, 2007.
>
> I believe that I have been discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Complaint (d/e 1), Exhibit A, Charge. No other facts or details were alleged. Titan responded to the Charge on August 13, 2007. Titan stated it had no knowledge of any complaint of harassment by Shuman. Titan stated that Shuman did not show up for work for three consecutive days and was considered to have voluntarily quit. Complaint, ¶¶ 1-2.

On July 8, 2008, the EEOC sent Titan a request for information regarding the Charge. On July 23, 2008, Titan supplied some, but not all, of the requested information. Titan declined to comply with the EEOC requests for: (1) all documents relating to all complaints of sexual harassment or discrimination from January 1, 2005, to the present; and (2) documents that identify of all individuals employed by Titan from January 1, 2006, to the present including the name, sex, date of hire, positions, titles, supervisors, date and reason for separation, current or last known address and all known telephone numbers. Titan stated that it needed information on the factual basis for the Charge before providing this information. The EEOC provided no additional information to Titan. Complaint, ¶ 3.

In March 2011, the EEOC again requested the information that Titan had declined to produce in its July 23, 2008, response. On March 18, 2011, Titan received an administrative subpoena (Subpoena) from the EEOC demanding the production of the following documents: (1) all documents relating to all complaints of sexual harassment or discrimination from January 1, 2005, to the present; and (2) documents identifying all individuals employed by Titan from January 1, 2005, to the present including the name, sex, date of hire, positions, titles, supervisors, date and reason for separation, current or last known address and all known telephone numbers (collectively the Disputed Information). Complaint, ¶ 6-7.

On March 24, 2011, Titan filed an objection to the Subpoena. On July 28, 2011, the EEOC's Executive Officer issued a Determination overruling Titan's objections to the Subpoena and directing Titan to comply with the Subpoena within ten days. Complaint, ¶¶ 10-13.

On August 17, 2011, Titan filed this action. Titan seeks declaratory relief that the Subpoena is unduly broad and unreasonably burdensome and that the grounds for the EEOC's denial of Titan's objections were baseless. Titan further seeks a permanent injunction against the EEOC from attempting to enforce the Subpoena.

On October 4, 2011, the EEOC commenced an action in the Northern District of Illinois to enforce the Subpoena. EEOC v. Titan, N.D. Ill. Case No. 1:11-cv-06985 (EEOC Action). The Subpoena, as an administrative subpoena, is not self-enforcing. The EEOC must commence a civil action in federal court and secure a court order to enforce it. 42 U.S.C. § 2000e-9 & 29 U.S.C. § 161. Titan has filed a Motion in the EEOC Action to dismiss, or in the alternative to transfer to this Court. Titan's motion in the EEOC Action is currently being held in abeyance pending the outcome of this Motion in this Action. Plaintiff's Response to Defendant's Motion to Dismiss (d/e 5) (Response), at 2, and attached Application for an Order to Show Cause Why Subpoena Should not be Enforced, and Motion to Dismiss, Transfer or Stay (both exhibits originally filed in the EEOC Action). The EEOC now moves to dismiss this action.

## ANALYSIS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff Titan. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court may also take judicial notice of matters of public record, such as the court records in

the EEOC Action, and consider those matters is resolving the Motion. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

The Seventh Circuit has already determined that the subject of an administrative subpoena, such as Titan, must wait for the agency to bring an action to enforce an administrative subpoena; the subpoenaed party cannot short circuit the process by bringing an action like this one. General Finance Corp. v. F.T.C., 700 F.2d 366, 368 (7th Cir. 1983).

In General Finance Corp., the Federal Trade Commission (FTC) was investigating the marketing of credit life insurance. The General Finance Corp. plaintiffs, along with many other sellers of credit life insurance, were served with the FTC's version of a subpoena, called a civil investigative demand (CID). The three plaintiffs and the other sellers filed administrative petitions to quash the CIDs. The FTC denied the last petition on November 17, 1981. General Finance Corp., 700 F.2d at 368. On November 23, 1981, the plaintiffs in General Finance Corp. filed their action in the Northern District of Illinois. On December 4, 1981, the FTC filed an action in the federal district court in Philadelphia, Pennsylvania, to enforce the CIDs served on all of the marketers of credit life insurance, including the plaintiffs in General Finance Corp. Id. at 367-68.

The plaintiffs in General Finance Corp., thus, were in the same procedural position as Titan. They were subject to an administrative subpoena that was not self-executing. Like the EEOC here, the FTC had to file an action in federal court to enforce the CID. Compare 15 U.S.C. §§ 57b & 57b-1 (FTC CID process and judicial enforcement) with 42 U.S.C. § 200e-9 & 29 U.S.C. § 161 (Title VII incorporation by reference of National Labor Relations Board administrative subpoena and civil enforcement procedures). Like Titan, the plaintiffs in General Finance Corp. filed an action for declaratory and injunctive relief to stop the administrative

investigation.  Like the EEOC, the FTC filed an action to enforce the CID in another federal district court.

In this context, the Seventh Circuit held that the party that is the subject of an administrative subpoena must wait for the agency to sue to enforce the subpoena:

> [T]here [is] no doubt that this suit was properly dismissed even though it is within the literal terms of 28 U.S.C. §§ 1331 and 1337.  You may not bypass the specific method that Congress has provided for reviewing adverse agency action simply by suing the agency in federal district court under 1331 or 1337; the specific statutory method, if adequate, is exclusive. See Administrative Procedure Act, §§ 10(b), (c), 5 U.S.C. §§ 703, 704; Assure Competitive Transport., Inc. v. United States, 629 F.2d 467, 471 (7th Cir.1980).  Therefore the target of [an administrative] investigation may not maintain a suit under sections 1331 or 1337 to enjoin the investigation but must wait till the government sues to enforce a subpoena or other compulsory process in aid of the investigation, since that is the method of judicial review . . . that Congress has prescribed.

General Finance Corp., 700 F.2d at 368.  So it is here.  Titan was required to wait until the EEOC acted to enforce the Subpoena.  The agency enforcement action was the method that Congress provided to review the adverse EEOC decision regarding the Subpoena.  Id.; see 42 U.S.C. § 200e-9 & 29 U.S.C. § 161.  The EEOC has now filed the EEOC Action, and Titan can now secure a judicial determination of the validity of the Subpoena in that action.  This case, however, should be dismissed.

Titan cites a the decision in Shell Oil Co. v. E.E.O.C., for the proposition that it can bring this type of action. Shell Oil Co. v. E.E.O.C., 523 F.Supp. 79, 84 (E.D. Mo. 1981), remanded on other grounds, 676 F.2d 322 (8th Cir. 1982), reversed on other grounds, E.E.O.C. v. Shell Oil Co., 466 U.S. 54 (1984). The District Court in Shell Oil found that Shell Oil could bring a declaratory and injunctive of action under 28 U.S.C. § 1331. Shell Oil Co., 523 F.Supp. at 84.[1] The District Court decision in Shell Oil is contrary to the Seventh Circuit's decision in General Finance Corp. This Court must follow the Seventh Circuit. Titan, thus, cannot bring this action. Titan must litigate the validity of the Subpoena in the EEOC Action. This case must be dismissed.

Titan also states that its principal concern is to have the matter decided in this District. Titan argues that this District should hear this matter because Titan is located in this District, the relevant records are located in this District, and Shuman was employed by Titan in this District. Response, at 2. Titan has moved to transfer of venue in the EEOC Action. The Northern District is the appropriate court to decide that motion. Titan

---

[1] The Eighth Circuit and the Supreme Court did not address the issue statutory authority to bring an action for injunctive and declaratory relief. In Shell Oil, the declaratory action was consolidated with the EEOC action to enforce the subpoena. Thus, the validity of the subpoena in that case was properly before the court. See Shell Oil, 523 F.Supp. at 87; 29 U.S.C. § 161 & 42 U.S.C. § 2000e-9.

can make its arguments regarding the appropriate venue in that court.  This Court does not comment further on that issue.

WHEREFORE, Defendant U.S. Equal Employment Opportunity Commission's Motion to Dismiss (d/e 3) should be allowed.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:	February 28, 2012

	 s/ Byron G. Cudmore 
	BYRON G. CUDMORE
	UNITED STATES MAGISTRATE JUDGE